UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS,

        Petitioner,                                Civil No. 06-13769

v.                                                Honorable David M. Lawson

HUGH WOLFENBARGER,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Niko Simmons, presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner was convicted of one count of possession of a firearm in the commission of a felony (felony firearm) in the Wayne County, Michigan circuit court. The petitioner alleges that he was wrongfully denied placement by the Michigan Department of Corrections (MDOC) into the state's Community Residential Programs (CRP) on the basis of this conviction, that the MDOC failed to comply with Michigan's Administrative Procedures Act in promulgating the rules regarding eligibility for placement in CRP, and that the MDOC violated Title II of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973 when it excluded him from community placement. The respondent has filed a late answer to the petition asserting that the petitioner's claims lack merit. The Court finds that the petitioner's terms of confinement do not violate the Constitution or laws of the United States, and therefore the petition will be denied.

I.

The MDOC's Offender Tracking Information System (OTIS) discloses that the petitioner's two-year prison sentence was imposed on November 22, 2004. The petitioner's maximum discharge date for this offense is October 22, 2006. The Court is permitted to take judicial notice of information in OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

On August 1, 2005, the petitioner filed a Step I grievance in which he argued that he was entitled to placement in the CRP. On August 11, 2005, the petitioner's grievance was denied. The denial letter states that the petitioner was denied placement in the CRP due to his felony firearm conviction and because the Administrator of the Office of Field Programs did not find reasonable assurance that the petitioner would not pose a threat to public safety. The petitioner's Step II and Step III grievances were also denied on August 31 and September 6, 2005, respectively. The Step II denial states only that "The Step I response is supported." Pet. at 42. The Step III denial has not been submitted to the Court.

On August 15, 2005, the MDOC amended its policy on CRP placement to exclude categorically prisoners with felony firearm convictions from being eligible for placement in the CRP. Apparently the policy did not address the placement of such prisoners in the program prior to this date; neither the petitioner nor the respondent has submitted a copy of the policy as it existed at the time the petitioner's Step I grievance was denied. On March 13, 2006, Carol Duncan-Smith, the Administrator of the MDOC's Office of Field Programs, sent the petitioner a letter informing him of the new policy and its prohibition on his placement in the CRP.

The petitioner filed a petition for writ of mandamus in the Ingham County, Michigan circuit court, presumably related to his claims about the CRP. A copy of that petition has not been submitted to the Court. The petitioner's case was dismissed because he failed to disclose the number

of civil actions and appeals he had filed as required by state law. *Simmons v. Michigan Dep't of Corr.*, No. 06-182-AW (Ingham County Cir. Ct. Apr. 7, 2006). On August 22, 2006, the petitioner filed the present petition for writ of habeas corpus seeking habeas relief on the following ground:

> Plaintiff was denied his state created due process when he was arbitrarily deied [sic] CRP status after 10/22/05.

The brief accompanying the petition also asserts that the new policy was enacted in violation of Michigan's Administrative Procedures Act, and the petitioner's exclusion from the CRP violates the ADA and the Rehabilitation Act of 1973.

II.

Petitioner Simmons does not challenge in this case the propriety of his conviction. Rather, he contends that the manner in which the State is executing his sentence violates his rights. According to 28 U.S.C. § 2241,

> The writ of habeas corpus shall not extend to a prisoner unless–
> . . .
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). The Sixth Circuit has held that "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (noting that "[t]he Supreme Court has indicated that 'unlawful[] confine[ment] in the wrong institution' falls within the ambit of § 2241 habeas corpus relief, because it concerns the unlawful imposition of physical restraint").

The petitioner's claim that the MDOC wrongly excluded him from placement in the CRP will afford him no relief, however, because he has no constitutional right to such placement. The

-3-

Supreme Court has stated plainly that a prisoner has no constitutional right to placement in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) (holding that "[t]he conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons"). The Sixth Circuit has held that a Michigan prisoner does not have a protected liberty interest in being placed in a "work pass" program, which allows prisoners to leave the prison to work. *Codd v. Brown*, 949 F. 2d 879, 882 (6th Cir. 1991). "'[A]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed on him, . . . the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Id.* at 882 (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). The petitioner has no constitutional right to placement in the CRP, and the State's refusal to place him there does not abridge the Constitution.

The petitioner's related claim that the MDOC failed to comply with Michigan's Administrative Procedures Act in promulgating the new rules regarding his ineligibility for placement in CRP is not cognizable on habeas review. "[T]he failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation." *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). The petitioner is not entitled to habeas relief on this ground.

Finally, the petitioner argues that the Michigan Department of Corrections violated the laws of the United States – specifically Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131, and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) – when it excluded him from community placement. The Court does not agree. The petitioner has not demonstrated that he is being excluded from the CRP because of a disability or other unlawful act of discrimination.

Title II of the ADA prohibits discrimination by public entities against individuals with disabilities by providing:  "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The Rehabilitation Act of 1973 protects an "otherwise qualified individual" from being "excluded from participation in, . . . denied the benefits of, or . . . subjected to discrimination . . . solely by reason of his or her disability."  29 U.S.C. § 794(a).  The Rehabilitation Act and Title II of the ADA "'are largely the same, [and] cases construing one statute are instructive in construing the other.'"  *McPherson v. MHSAA*, 119 F.3d 453, 460 (6th Cir. 1997) (*en banc*) (quoting *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997)).

The prohibitions of the ADA and Rehabilitation Act apply to state prisons.  *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998).  A "qualified individual with a disability" (QID) under Title II of the ADA is

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, *meets the essential eligibility requirements for the receipt of services or the participation in programs or activities* provided by a public entity.

*Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998).

To prevail on this claim, the petitioner must present evidence that he "is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of h[is] disability.'"  *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (quoting *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003)); *see also Owens v. O'Dea*, 149

F.3d 1184 (table), 1998 WL 344063, *2 (6th Cir. 1998) (unpublished) (applying this standard to prisoner bringing Title II and Rehabilitation Act claims).

The petitioner identifies as his disability a disease caused by methicillin-resistant Staphylococcus Aureus (MRSA). The petitioner's disability claim appears to be that if he were released to the CRP, he would be able to obtain better medical treatment than he currently receives while incarcerated. He argues that "the Plaintiff has now incurred a disability that will be life-long and require specialized medical treatment. If released to the controlled community status . . . [t]his will also permit the Plaintiff to acquire the specialized medical treatment." Pet.'s Br. at 10-11. Assuming for the sake of argument that the petitioner has a disability, he has failed to state a claim for relief under the ADA or the Rehabilitation Act because he has presented no evidence that his disability was a reason for his exclusion from the CRP. In fact, the petitioner admits that his felony firearm conviction was the reason he was not placed in the program: "Their reasoning for denial was my Felony Firearm conviction and this alone did not have reasonable assurance that Niko Simmons would not pose a threat to public safety." Pet. at 5. The petitioner is therefore unable to establish that he is being held in violation of the ADA, the Rehabilitation Act, or any other law of the United States.

### III.

The petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is

**DENIED**.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: October 10, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2006.

                                    s/Felicia M. Moses
                                    FELICIA M. MOSES